UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| WALTER J. BENNETT,<br><br>            Plaintiff,<br><br>v.<br><br>3M COMPANY,<br><br>            Defendant. | Civil Action No. 3:14–CV–198 |

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff's Motion to Remand. (ECF No. 6). For the reasons stated below, the Court will REMAND this case to the Circuit Court of Hanover, Virginia.

### I. Factual and Procedural Background

Plaintiff filed a three-count Complaint on February 14, 2014 in the Hanover County Circuit Court. Plaintiff alleges equitable estoppel (Count I), fraud (Count II), and breach of contract (Count III). Plaintiff requests $8,400 in lost benefits, $2,640 for lost car payments, and $100,000 in punitive damages/emotional distress. Defendant was served with the Complaint and Summons on February 27, 2014. Defendant filed its Notice of Removal based on diversity jurisdiction with this Court on March 20, 2014.

Defendant removed this matter pursuant to 28 U.S.C. § 1332. Defendant contends that the parties are diverse because Plaintiff is a resident of Mechanicsville, Virginia and Defendant is incorporated in the state of Delaware and has its principal place of business in Saint Paul, Minnesota. Defendant also represents that Plaintiff seeks actual and punitive damages in excess of $75,000, thus meeting the amount in controversy requirement.

//

//

**II.    Discussion**

    A.  Legal Standard

A case originating in state court may be removed to federal court if the district court has subject-matter jurisdiction on the basis of the existence of a federal question or diversity. 28 U.S.C. §§ 1331, 1332, 1441(a). Federal question jurisdiction requires that a civil action arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. If at any time before final judgment it appears the district court lacks subject matter jurisdiction, the court must remand the case. 28 U.S.C. § 1447(c).

"[R]emoval jurisdiction raises significant federalism concerns." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). "Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.,* 369 F.3d 385, 390 (4th Cir. 2004) (en banc) (citation omitted). Accordingly, district courts should strictly construe removal jurisdiction. *Id.*; *Lontz v. Tharp*, 413 F.3d 435, 441 (4th Cir. 2005). If there is any doubt as to the district court's jurisdiction, the case should be remanded to state court. *Mulcahey*, 29 F.3d at 151. The burden of establishing federal jurisdiction falls upon the party seeking removal. *Id.* 151.

    B.  Diversity Jurisdiction Under § 1332

Diversity jurisdiction requires both complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. Under § 1332, the citizenship of each plaintiff must be different from the citizenship of each defendant. *Athena Auto., Inc. v. DiGregorio,* 166 F.3d 288, 290 (4th Cir. 1999). There is no indication that the parties are not diverse. Plaintiff is a citizen of Virginia and Defendant is incorporated in the state of Delaware

and has its principal place of business in Saint Paul, Minnesota. As such, the only issue is whether the amount in controversy exceeds $75,000.

The amount in controversy is "measured by the value of the object of the litigation." *Hunt v. Wash. Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977). That value may be determined from either party's viewpoint. *Dixon v. Edwards,* 290 F.3d 699, 710 (4th Cir. 2002). The Fourth Circuit has not established the standard of proof that applies to this issue, although some courts in the circuit have applied a "preponderance of the evidence" standard. *See, e.g., Landmark Corp. v. Apogee Coal Co.,* 945 F. Supp. 932, 935 (S.D. W. Va. 1996). "Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith." *Wiggins v. N. Am. Equitable Life Assur. Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981). However, "if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction." *Id.* (quoting *McDonald v. Patton*, 240 F.2d 424, 426 (4th Cir. 1957)).

### i. Breach of Contract

Under Virginia law, a plaintiff may not generally recover punitive damages for a breach of contract. *Kamlar Corp. v. Haley,* 299 S.E.2d 514, 518 (Va. 1983). Such damages may only be allowed based on a "willful, independent tort in a count separate from that which alleges a breach of contract." *Id.* As such, the amount in controversy cannot be based on this claim.

### ii. Equitable Estoppel

Virginia law recognizes equitable estoppel solely as a counter to a statute of limitations defense. *See, e.g., Barry v. Donnelly,* 781 F.2d 1040, 1042 (4th Cir. 1986); *Virginia Power Energy Mktg., Inc. v. EOT Energy, LLC,* No. 3:11CV630, 2012 WL 2905110, at *10 (E.D. Va. July 16, 2012) ("In Virginia, there is no recognized cause of action for equitable estoppel, and the doctrine is usually asserted as a shield rather than a sword."). To the extent that Plaintiff brings a claim for promissory estoppel, his claim must fail because promissory estoppel is not a cognizable cause of action in Virginia. *W.J. Schafer Assocs. v. Cordant, Inc.*, 493 S.E.2d 512, 521

(Va. 1997) ("[P]romissory estoppel is not a cognizable cause of action in the Commonwealth, and we decline to create such a cause of action."). As such, neither legal theory could be used as a basis for punitive damages.

       iii.  <u>Fraud</u>

Fraud—the knowing misrepresentation of a material fact to a person whose reasonable reliance results in damage—is a willful tort that may support an award of punitive damages. *See Brown v. Gilner*, No. 1:10-CV-00980 AJT, 2012 WL 4473086, at *4 (E.D. Va. Sept. 25, 2012); *see also Lissmann v. Hartford Fire Ins. Co.*, 848 F.2d 50, 52-53 (4th Cir. 1988). However, to award punitive damages in a fraud action, malice is required. *Brown*, 2012 WL 4473086, at *4; *see also Sit–Set, A.G. v. Universal Jet Exch., Inc.*, 747 F.2d 921, 928 (4th Cir. 1984) ("Virginia does not permit recovery of punitive damages except upon proof of a degree of aggravation in the critical state of mind above the threshold level required to establish liability for compensatory relief."). Malice is defined as "ill will, malevolence, grudge, spite, wicked intention or a conscious disregard of the rights of another." *Lee v. Southland Corp.*, 244 S.E.2d 756, 759 (Va. 1978); *see also Giant of Va., Inc. v. Pigg*, 152 S.E.2d 271, 277 (Va. 1967) (stating that actual malice must "evince a spirit of malice or criminal indifference to civil obligations."). At a minimum, Plaintiff must allege more than "shady business dealing" to create a permissible inference of malice. *See Sit–Set,* 747 F.2d at 929 ("Where this line of aggravation is to be drawn in fraud cases is of course a matter difficult of definition and application, but we read the Virginia cases as requiring an element of wantonness, or malice, or overreaching going beyond mere "shadiness" in commercial dealings.").

> Plaintiff alleges that Defendant
>
> misrepresented the truth to Bennett during the job offer process. Kurt Stafford, hiring manager, misrepresented to Bennett that he had a secure position with 3M Company, that Bennett's job offer would not be rescinded and that there were no contingencies to worry about and that it was ok for Bennett to go ahead and resign from his current employer, Depuy Synthes Company.

(Compl. ¶ 99). Plaintiff further contends that "Kurt Stafford, Sales Director, ensured Bennett that he had a definite position, with no employment contigencies at 3M Company [and] that he needed to hurry up and resign from his current position, because the current territory had been vacant for some time and needed to be filled asap." (*Id.* ¶ 100). As far as motive, Plaintiff maintains that "Kurt Stafford purposely lied to Bennett, for his own self-interest and the self-interest of 3M company, to get Bennett to resign from his position to start the new job right away." (*Id.* ¶ 102).

The Court finds that the allegations in the Complaint are insufficient to support a claim for punitive damages. Plaintiff has failed to allege any facts supporting an inference of malicious intent on the part of Defendant or its employees. Notably, Plaintiff does not even allege actual malice in his Complaint. *See Stallings v. DeAlto*, 13 Va. Cir. 394 (Va. Cir. Ct. 1988). Mere allegations of fraud are an insufficient predicate for a claim of punitive damages. *See Corini v. SMS Data Products Grp., Inc.*, 19 Va. Cir. 29 (Va. Cir. Ct. 1989). Plaintiff's allegations amount to "shady business practices" and not "ill will, malevolence, grudge, spite, wicked intention or a conscious disregard" of his rights. *Lee,* 244 S.E.2d at 759.

### III. Conclusion

For the aforementioned reasons, Plaintiff cannot sustain a claim for punitive damages. As a result, the amount in controversy requirement has not been met and diversity jurisdiction is not present. Accordingly, the Court will GRANT Plaintiff's Motion to Remand.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this ___15th___ day of April 2014.